J-S09022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| STEVEN ANDREW WILLIAMS | : | |
| | : | |
| Appellant | : | |
| | : | No. 1414 MDA 2017 |

Appeal from the Judgment of Sentence April 26, 2017
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0005898-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

CONCURRING STATEMENT BY PLATT, J.:        **FILED JUNE 20, 2018**

I concur with the learned Majority's holding that Appellant's conviction for violating his SORNA-based registration requirements should be vacated pursuant to **_Commonwealth v. Muniz_**, 164 A.3d 1189 (Pa. 2017), _cert. denied_, 138 S. Ct. 295 (2018).

I write separately to highlight that Appellant, who was convicted of rape in New York State in 1990, and is subject to lifetime registration in New York, remains subject to lifetime registration in Pennsylvania. **_See_** 42 Pa.C.S.A. §§ 9799.13(7)(i); 9799.14(d)(2), (13); 9799.15(a)(3). Thus, I would remand to the trial court to notify the Appellant of his registration requirement.

Therefore, I concur in the result.

_____
* Retired Senior Judge assigned to the Superior Court.